UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-60380-Civ-COOKE/TURNOFF

DOUGLAS CHRYSTALL,
individually and derivatively on behalf of
SERDEN TECHNOLOGIES, INC.,

      Plaintiff

v.

SERDEN TECNNOLOGIES, INC.,
MARC DUTHOIT, AVITIS SAS, and
PERSYSTENT TECHNOLOGY
CORPORATION,

      Defendants
_____/

**OMNIBUS ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

THIS MATTER is before me on Defendant Serden Technologies, Inc. and Marc Duthoit's Motion to Dismiss Complaint (ECF No. 20), Defendant Avitis S.A.S.'s Motion to Dismiss Count VI (ECF No. 40), and Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 57). For the reasons provided in this Order, Defendant Serden Technologies, Inc. and Marc Duthoit's Motion is denied, Defendant Avitis SAS's Motion is granted, and Plaintiff's Motion is granted.

**I. BACKGROUND**

These facts are taken from the Plaintiff's Complaint (ECF No. 1). Plaintiff Douglas Chrystall ("Chrystall"), a Massachusetts resident, is a four-percent shareholder of Serden Technologies, Inc. ("Serden"). Serden, a Delaware corporation with its principal place of

business in Florida, develops business-solutions computer software. Serden's primary asset and major source of revenue was its InterAct software, related software codes, and associated licensing fees. On June 6, 2008, Serden and Avitis SAS ("Avitis"), a French corporation, entered into a distribution agreement (the "Distribution Agreement" or the "Agreement"), through which Avitis became a distributor of the InterAct software within the European, Middle Eastern, and African markets.

The business relationship deteriorated, and, on January 15, 2010, Avitis sued Serden for breach of the Distribution Agreement, along with other claims. *See Avitis SAS v. Serden Techs., Inc., et al.*, No. 10-cv-60062-ASG (S.D. Fla.)). In or about February 2010, Avitis, Serden, and Duthoit settled the civil litigation. The Settlement Agreement contained provisions for, among other things, a technology transfer that resulted in both Serden and Avitis gaining equal rights to use the code to the InterAct software; a perpetual, irrevocable license granted to Avitis to use InterAct and the related object and source codes; and mutual releases by and between Serden, Avitis, and Duthoit. The Settlement Agreement provided that each party represented to the other that it had the corporate and legal authority to enter into the Settlement Agreement. For reasons unapparent from the pleadings, Avitis and Serden subsequently accused each other of violating the Settlement Agreement and agreed to modify it and accelerate its performance.

Chrystall claims that neither the Settlement Agreement nor the modification were put to a vote by Serden's board of directors nor presented to Serden's shareholders for approval. He claims that Duthoit profited at Serden's and its shareholders' expense by using Serden's principal assets as consideration to obtain a release from the claim against him in his individual capacity. Chrystall alleges that, as a result of the Settlement Agreement, his stock in Serden has been

severely diluted, and that, after writing to counsel for Serden and Duthoit to inform them of Duthoit's improper conduct with respect to the Settlement Agreement and modification, neither Serden nor Duthoit took any remedial action.

On December 15, 2010, Persystent Technology Corporation ("Persystent"), a Delaware corporation with its principal place of business in Florida, submitted a Letter of Intent ("LOI") to Serden proposing to acquire Serden's remaining assets (the "Acquisition"). The potential Acquisition consisted of an asset purchase of Serden's customer and prospect list; all of Serden's intellectual property; customer contracts; and any other assets identified during Persystent's due diligence of Serden. Pursuant to the LOI, Serden represented and warranted that it had all corporate and legal authority to enter into the LOI and to consummate the Acquisition.

Chrystall alleges that Persystent offered Duthoit continued employment with Persystent as part of the Acquisition. Chrystall claims that Duthoit failed to deal fairly when he agreed to enter into the Acquisition, that Duthoit did not receive adequate consideration for entering into the Acquisition, and that, as a result, Duthoit breached his fiduciary duty to Serden and its shareholders.

On February 22, 2011, Chrystall filed a nine-count Verified Complaint against Serden, Duthoit, Avitis, and Persystent. Counts I through VI pertain to the deal with Avitis. Count I through IV, each brought derivatively on behalf of Serden, assert the following claims against Duthoit: (i) breach of fiduciary duty; (ii) violation of Del. Code Ann. tit. 8, § 271(a) (2010); (iii) mismanagement; and (iv) corporate waste. Count V, brought individually against Duthoit, accuses Duthoit of breach of fiduciary duty. Count VI seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 (2006), on what Chrystall labels the "Avitis claim." Chrystall does not

3

clarify whether he brings this claim derivatively or individually.  Counts VII-IX pertain to the deal with Persystent.  Count VII through VIII, brought derivatively on behalf of Serden, assert the following claims against Duthoit:  (i) breach of fiduciary duty; and (ii) corporate waste.  Count IX seeks injunctive relief on what Chrystall labels the "Persystent claim."  Chrystall does not clarify whether he brings this claim derivatively or individually.  Chrystall seeks declaratory judgment, damages, injunctive relief, cost of the action, and attorney's fees.  Defendants move to dismiss these claims for lack of subject matter and personal jurisdiction, for failure to state a claim upon which relief can be granted, and because Chrystall is not qualified to serve as a representative of Serden.

On April 15, 2011, Defendants Duthoit and Serden filed a Motion to Dismiss raising jurisdictional and sufficiency grounds.  (ECF No. 20).  On May 9, 2011, Defendant Avitis filed a Motion to Dismiss on jurisdictional and sufficiency grounds.  (ECF No. 40).  On July 14, 2011, Chrystall filed a Motion for Leave to Amend (ECF No. 57), to add new facts to his Complaint.  Because I will grant Plaintiff's motion for leave to amend his complaint, and the amendment may alter this Court's analysis of the Complaint's sufficiency, I will not consider any arguments pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure at this stage so as to conserve judicial resources.   I will address only Defendants' jurisdictional claims because Plaintiff's proposed amendment will not affect this Court's jurisdictional analysis.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (citing *Univ. of S. Ala. v.*

*Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).  A plaintiff bears the burden of establishing subject matter jurisdiction.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).  A defendant bringing a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction.  *Lawrence v. Dumbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true."  *Id.* at 1529.  A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'"  *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980)).

**B.  Fed. R. Civ. P. 12(b)(2)**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations.  *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).  Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."  *Id.*

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the

United States Constitution." *United Techs. Corp.*, 556 F.3d at 1274.

**C. Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be "freely give[n] . . . when justice so requires." A court may deny a motion to amend "on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotation marks omitted).

### III.  ANALYSIS

**A. Subject Matter Jurisdiction over Defendants Duthoit and Serden**

As a threshold matter, Defendants argue that this suit must be dismissed for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Chrystall asserts that this Court has subject matter jurisdiction over the dispute because the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiff and the defendants. *See* 28 U.S.C. § 1332(a). The parties do not dispute that the amount in controversy exceeds $75,000. The sole issue before me is whether there is complete diversity of citizenship between the parties. Chrystall has named Serden as a defendant in this action. Defendants argue that Serden should be realigned as a plaintiff because it is the real party in interest. A realignment of the parties would destroy diversity jurisdiction.

"In a derivative action, the plaintiff stockholder is considered the nominal plaintiff and the corporation is the real party in interest." *Plunkett v. Poyner*, No. 08-60953, 2009 WL 5176542, at *2 (S.D. Fla. Dec. 22, 2009). "Although the corporation is initially named as a defendant, once joined and present before the court, the corporation may be realigned according

6

to its real interest." *Id.* "[R]etaining the corporation as a defendant in a shareholder's derivative action is an exception to the general rule that the corporation is properly realigned as a plaintiff since it is the real party in interest." *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987). "[C]ourts have condoned retaining the corporation as a party defendant only where the corporation has been found to be 'actively antagonistic' to the plaintiff's interests." *Id.*

"The question of whether to realign the corporation as a plaintiff or allow it to remain as a defendant is 'a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute.'" *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983) (quoting *Smith v. Sperling*, 354 U.S. 91, 97 (1957)). If the complaint in a derivative action "alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant." *Id.* Such antagonism exists where it is "plain that the stockholder and those who manage the corporation are completely and irrevocably opposed." *Duffey*, 820 F.2d at 1163 (quoting *Smith v. Sperling*, 354 U.S. 91, 96-97 (1957)).

Having reviewed the Complaint's allegations, I find that realignment is not appropriate in this case. According to the Complaint, Duthoit is Serden's Chief Executive Officer, director, and shareholder. The Complaint's allegations indicate that Duthoit controls Serden's operations. *See Gabriel v. Preble*, 396 F.3d 10, 15 (1st Cir. 2005) (holding that corporation was properly aligned as a defendant where, among other things, two of the officers-defendants "effectively control[ed] the operation of the business."). The Complaint contains allegations that Duthoit committed malfeasance. For example, Chrystall claims that Duthoit entered into the Settlement Agreement with Duthoit in his individual capacity, and put up Serden's assets as consideration, to obtain a

release of claims against him. He alleges that Duthoit entered into the LOI with Persystent, at least in part, in an effort to secure employment for himself with Persystent after the Acquisition. He alleges that, in doing so, Duthoit depleted Serden of all of its assets. The Complaint's allegations support a finding that the company is antagonistic to Chrystall's position. *See Duffey,* 820 F.2d at 1163; *see also Plunkett*, 2009 WL 5176542, at *3 (holding that the company was antagonistic to the interests of the plaintiff and other shareholders where "[t]he Complaint is replete with allegations of fraud and malfeasance perpetrated by the Defendants based on their control over the Company and its operations").

Further, according to the Complaint, Serden has failed to take any action to remedy these alleged violations or prevent the alleged depletion of the company's assets. "Whenever the management refuses to take action to undo a business transaction or whenever . . . it so solidly approves it that any demand to rescind would be futile, antagonism is evident." *Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974) (quoting *Sperling*, 354 U.S. at 97); *Gabriel*, 396 F.3d at 16 ("So long as they consider the plaintiff's suit contrary to [the corporation's] interests, the plaintiff and the corporation are adverse for the purposes of determining the existence vel non of diversity jurisdiction."). Moreover, Serden has demonstrated that it is hostile to this action by siding with Duthoit in this litigation and moving to dismiss the complaint. *See Smith*, 354 U.S. at 97 (where corporation is hostile to the action, the corporation should not be realigned as a plaintiff); *Lewis*, 503 F.2d at 447.

Because Serden must remain a defendant, there is complete diversity of citizenship among the parties. This Court concludes that it has subject matter jurisdiction over this dispute. Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is denied.

**B.     Personal Jurisdiction over Defendant Avitis**

Defendant Avitis contends that Plaintiff's Complaint fails to allege sufficient facts establish this Court has personal jurisdiction over it.  Avitis is a French corporation.

A court uses a two-step inquiry to determine whether the exercise of personal jurisdiction over a non-resident defendant is proper.  *Internet Solutions Corp.*, 557 F.3d at 1295.  First, the court examines "whether the exercise of jurisdiction would be appropriate under that state's long-arm statute."  *Id.*  Second, it "examine[s] whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment . . . ."  *Id.*

Florida's long-arm statute authorizes the exercise of jurisdiction over a cause of action arising out of, among other things:  (i) "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida; or (ii) breaching a contract in Florida "by failing to perform acts required by the contract to be performed in this state."  Fla. Stat. § 48.193(1)(a), (g).  Additionally, a court may exercise long-arm jurisdiction over a defendant "who is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity."  Fla. Stat. § 48.193(2).

As noted above, it is the plaintiff's burden to allege in the complaint sufficient facts to make out a prima facie case of jurisdiction.  *United Techs*, 556 F.3d at 1274; *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989); *Crownover v. Masda Corp.*, 983 So. 2d 709, 712-13 (Fla. Dist. Ct. App. 2008).  Chrystall fails to allege sufficient facts in its Complaint to establish personal jurisdiction under § 48.193.  Although Chrystall alleges that Avitis negotiated and entered into a distribution agreement with Serden, Chrystall's Complaint does not allege that negotiations occurred in Florida, that the parties executed the contract in

Florida, or that Avitis had any other contacts with Florida with respect to the contract.  According to the Complaint, the contract's performance was to occur outside of Florida, namely, in the European, Middle Eastern, and African markets.  Avitis eventually sued for breach of contract in this Court in a case before the Honorable Alan S. Gold, and then entered into a settlement agreement with Serden.  However, the Complaint fails to allege any facts to suggest that Avitis negotiated or executed the agreement in Florida, or had any other contacts with Florida with respect to the agreement.  Further, the Complaint does not allege any facts regarding Avitis' general business contacts with Florida, if any.

Having reviewed the Complaint's allegations, I find that I cannot exercise personal jurisdiction over Avitis under § 48.193.[1]  There are no factual allegations in the Complaint to establish that Avitis engaged in "substantial" activity in Florida.  *See Two Worlds United v. Zylstra*, 46 So. 3d 1175, 1178 (Fla. Dist. Ct. App. 2010) ("'Substantial and not isolated activity' is that which is continuous and systematic." (internal quotations marks omitted)).  The Complaint contains no allegations to establish that Avitis engaged in a general course of business activity in Florida for a pecuniary benefit.  *See Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1333-34 (S.D. Fla. 2010) ("The following factors are recognized to be relevant to show that an individual engages in a general course of business:  presence and operation of an office in Florida; possession and maintenance of a license to do business in Florida; the number of Florida clients

---

[1] Chrystall notes in his papers that the settlement agreement reached between Serden and Avitis contains a forum-selection clause designating this Court as the proper forum.  Sections 685.101 and 685.102 of the Florida Statutes permit parties to confer personal jurisdiction by agreement when certain conditions are met.  *See Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1334-37 (S.D. Fla. 2010); *Jetbroadband WV, LLC v. MasTec North Am., Inc.*, 13 So. 3d 159, 163 (Fla. Dist. Ct. App. 2009).  However, the Complaint contains no allegations regarding the settlement agreement's forum-selection clause, nor was the agreement attached to the Complaint.  Chrystall therefore fails to allege sufficient facts to establish long-arm jurisdiction under these provisions.

served; and the percentage of overall revenue gleaned from Florida clients."); *Morgan Beaumont, Inc. v. First Nat'l Bank of Cent. Texas*, No. 03-2449, 2005 WL 1667679, at *2 (M.D. Fla. July 11, 2005) ("[T]o establish that a defendant was carrying on a business or business venture in the state, either itself or through an agent, the activities of the defendant sought to be served must be considered collectively and show a general course of business activity in the State for pecuniary benefit." (internal quotation marks omitted)).  Further, there are no allegations to show that Avitis breached a contract in Florida by failing to perform acts that the contract required to be performed in this state.  Finally, the fact that Avitis initiates a separate lawsuit in Florida in January 2010 is insufficient for this Court to exercise long-arm jurisdiction in this case.  *See Gibbons v. Brown*, 716 So. 2d 868, 870 (Fla. Dist. Ct. App. 1998) ("A current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over the head of that defendant if she later challenges jurisdiction in a separate suit (albeit a suit arising from the same subject matter).").

For the foregoing reasons, this action is dismissed without prejudice against Avitis. Chrystall may amend his Complaint to add facts, if any, regarding personal jurisdiction.

**C.     Motion for Leave to Amend**

As noted above, motions for leave to amend are freely granted when justice so requires. Plaintiff seeks to add new facts to his Complaint based on newly discovered evidence.  I find that justice requires that I grant Chrystall's Motion.  Plaintiff has attached to his Motion a copy of his proposed amended complaint.  However, in light of this Order, Chrystall may wish to further amend his Complaint to allege sufficient facts to make out a prima facie case of personal jurisdiction over Avitis.

## IV. Conclusion

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** that:

1. Defendant Serden Technologies, Inc. and Marc Duthoit's Motion to Dismiss Complaint (ECF No. 20) is **DENIED** with respect to its jurisdictional argument only. Defendants' remaining arguments are **DENIED as moot**.

2. Plaintiff's Motion for Hearing (ECF No. 36) is **DENIED**.

3. Defendant Avitis' Motion to Dismiss (ECF No. 40) is **GRANTED**.

4. Defendant Avitis' Motion for Hearing (ECF No. 41) is **DENIED**.

5. Plaintiff's Motion for Leave to Amend (ECF No. 57) is **GRANTED**. Plaintiff shall file an Amended Complaint within twenty days from the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of December 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*